"O"

FILED
CLERK, U.S. DISTRICT COURT

MAR 19 2008

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TOMMY EDWARD FAIRFAX,<br><br>        Petitioner,<br><br>    v.<br><br>JOHN MARSHALL (Warden),<br><br>        Respondent. | Case No. SACV 08-00239 FMC (AN)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

On March 4, 2008, petitioner Tommy Edward Fairfax ("Petitioner"), a state prisoner proceeding *pro se*, filed the pending Petition for Writ of Habeas Corpus ("Petition"). The face of the Petition shows that it is directed at a state conviction that Petitioner sustained in the Orange County Superior Court (Case No. 93CF3588), on May 25, 1994, of forcible oral copulation, three counts of forcible rape, and rape by a foreign object, in violation of CAL. PENAL CODE §§ 288a(c), 261(a)(2), and 298, respectively, for which he received a sentence of 36 years in prison ("1994 Conviction"). (Petition at 2, Appendix A.)

///

///

However, the Court's records[1/] establish the Petition constitutes Petitioner's successive, third attempt to obtain federal habeas corpus relief from his 1994 Conviction. Previously, on April 3, 2003, Petitioner constructively filed his first habeas petition with this Court. (*Tommy Edward Fairfax v. Diana K. Butler, Warden*, case no. SACV 03-00393 FMC (AN) (C.D. Cal.) ("*Fairfax* I").)  On December 24, 2003, the Court entered its judgment dismissing *Fairfax* I with prejudice as time-barred. (*Fairfax* I, 12/24/03 Report and Recommendation and Judgment.)  Petitioner's subsequent requests for a Certificate of Appealability from this Court and the United States Court of Appeals for the Ninth Circuit were both denied, respectively. (*Fairfax* I, 3/10/04 Order (FMC) (docket # 25); 4/30/04 Mandate, Case No. 04-55471 (9th Cir.).)  On April 1, 2005, Petitioner filed the second petition with this Court and, on April 18, 2005, the second petition was dismissed without prejudice as an unauthorized successive petition. (*Tommy Edward Fairfax v. Attorney General for the State of California*, case no. SACV 05-00299 VAP (AN) (C.D. Cal.) (*Fairfax* II), 04/18/05 Memorandum and Order and 04/18/05 Judgment.)

The pending Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which became effective April 24, 1996. *Greenawalt v. Stewart*, 105 F.3d 1287 (9th Cir.), *cert. denied,* 519 U.S. 1103, 117 S.Ct. 794 (1997). AEDPA established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin,* 518 U.S. 651, 657, 116 S.Ct. 2333, 2337 (1996). Under the AEDPA, a prisoner seeking to file a "second or successive" habeas petition must first obtain permission to do so from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).  A prisoner's failure to comply with § 2244(b) deprives the district court of jurisdiction to consider a second or successive petition. *Burton v. Stewart*, 549 U.S. —, 127 S.Ct. 793, 796-99 (2007).

---

[1/]     The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

It plainly appears from the face of the Petition and attached exhibits, as well as the records of this Court and the Ninth Circuit, that the Petition is successive, and that Petitioner has not sought or obtained the Ninth Circuit's authorization to bring a third or successive petition raising a new claim for the purpose of challenging his 1994 Conviction. Accordingly, the Petition must be dismissed because this Court lacks jurisdiction to consider it. *Burton, id.* The Clerk is directed to enter the judgment of dismissal. Any other motions or matters are terminated as moot.

IT IS SO ORDERED.

Dated: *March 18*, 2008

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge